# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Louis Bellamy,

              Plaintiff,

    vs.

Roselene M. Omweri, et al.,

              Defendants.

Case No. 0:24-cv-00170-DWF-TNL

**DEFENDANTS' JOINT AND SEPARATE ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

## ANSWER

Defendants Hennepin Healthcare System, Inc., Roselene M. Omweri, Kay P. Willis, Michelle D. Diaz, Hennepin County, and Lucas Weatherspoon, for their Joint and Separate Answer to Plaintiff's First Amended Complaint (ECF 22), herein admit, deny, and allege as follows:

1. Defendants Hennepin Healthcare System, Inc. ("HHS"), Omweri, Willis, and Diaz (collectively, the "HHS Defendants") deny each and every allegation contained in the First Amended Complaint except as hereinafter admitted, qualified, or otherwise explained.

2. Defendants Hennepin County and Weatherspoon (collectively, the "County Defendants") deny each and every allegation contained in the First Amended Complaint except as hereinafter admitted, qualified, or otherwise explained.

## INTRODUCTION

3.      Responding to paragraph 1 of the First Amended Complaint, the HHS and County Defendants admit that Lucas Bellamy ("Lucas") died on July 21, 2022, while he was detained at the Hennepin County Adult Detention Center ("ADC"), otherwise known as the Hennepin County Jail. The HHS and County Defendants admit that on July 21, 2022, Lucas was in custody and could not bring himself to the Emergency Department. The HHS and County Defendants state that to the extent paragraph 1 references Lucas's medical records, such medical records speak for themselves. The HHS and County Defendants deny all remaining allegations in paragraph 1 and put Plaintiff to his strict burden of proof.

4.      Responding to paragraph 2 of the First Amended Complaint, the HHS and County Defendants admit that Plaintiff Louis Bellamy asserts claims under 42 U.S.C. § 1983, as well as supplemental state law claims. The HHS and County Defendants deny they are liable, deny they were negligent, deny they knew of Lucas's objectively serious medical needs, deny they were deliberately indifferent to Lucas's medical needs, deny that Plaintiff is entitled to the relief he seeks, deny all remaining allegations in paragraph 2, and put Plaintiff to his strict burden of proof.

## PARTIES

5.      Responding to paragraph 3 of the First Amended Complaint, the HHS and County Defendants admit that on July 21, 2022, Lucas was a 41-year-old man who suffered from drug addiction. The HHS and County Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in paragraph 3 and put Plaintiff to his strict burden of proof.

6.      Responding to paragraph 4 of the First Amended Complaint, the HHS and County Defendants admit, on information and belief, that Plaintiff Louis Bellamy was appointed as trustee for Lucas's next of kin on January 6, 2023, by the Honorable Kristen A. Siegesmund in Case No. 27-CV-22-18265 (Minn. 4th Jud. Dist. Ct.). The HHS and County Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in paragraph 4 and put Plaintiff to his strict burden of proof.

7.      Responding to paragraph 5 of the First Amended Complaint, the County Defendants admit that Hennepin County is a county located in the State of Minnesota, a political subdivision of the State of Minnesota, a body politic and corporate under Minn. Stat. § 373.01, subd.1(a), and a municipality under Minn. Stat. § 466.01, subd. 1. The County Defendants admit that the Hennepin County Sheriff's Office is a department of Hennepin County, and that Hennepin County owns and operates the ADC. The County Defendants admit that HHS is a wholly owned subsidiary of Hennepin County but deny that Hennepin County operates HHS. The County Defendants deny any remaining allegations in paragraph 5. Because the allegations in paragraph 5 are directed to the County Defendants only, they require no response from the HHS Defendants.

8.      The allegations in paragraph 6 of the First Amended Complaint are legal conclusions that require no response. To the extent a response is required, the County Defendants deny the allegations in paragraph 6. Because the allegations in paragraph 6 are directed to the County Defendants only, they require no response from the HHS Defendants.

9.      Responding to paragraph 7 of the First Amended Complaint, the HHS Defendants admit the allegations contained therein, but clarify that the legal name of the entity at issue is Hennepin Healthcare System, Inc. d/b/a Hennepin County Medical Center. Because the allegations in paragraph 7 are directed to the HHS Defendants only, they require no response from the County Defendants.

10.     The HHS and County Defendants admit the allegations in paragraph 8 of the First Amended Complaint.

11.     The HHS and County Defendants deny the allegations in paragraph 9 of the First Amended Complaint.

12.     The allegations in paragraph 10 of the First Amended Complaint state a legal conclusion that requires no response. To the extent a response is required, the HHS and County Defendants deny the allegations in paragraph 10.

13.     The HHS and County Defendants deny the allegations in paragraph 11 of the First Amended Complaint.

14.     Responding to paragraphs 12 through 14 of the First Amended Complaint, the HHS Defendants admit that on July 18 through 21, 2022, HHS employed Nurse Omweri, Nurse Willis, and Nurse Diaz; each nurse resided in Minnesota; and each nurse was acting under color of state law while on duty at the ADC and acting in the course and scope of her employment. The HHS Defendants deny the remaining allegations in paragraphs 12 through 14. Because the allegations in paragraphs 12 through 14 are directed to the HHS Defendants only, they require no response from the County Defendants.

15.     Responding to paragraph 15 of the First Amended Complaint, the County Defendants admit that on July 18 through 21, 2022, Hennepin County employed Lucas Weatherspoon as a Detention Deputy, and that Deputy Weatherspoon was acting under color of state law while on duty at the ADC and acting in the course and scope of his employment. The County Defendants deny all remaining allegations in paragraph 15. Because the allegations in paragraph 15 are directed to the County Defendants only, they require no response from the HHS Defendants.

## FACTUAL BACKGROUND

16.     The allegations in paragraphs 16 through 47 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, no response is required from the County Defendants.

17.     Responding to paragraph 16 of the First Amended Complaint, the HHS Defendants admit that abdominal pain can have a wide variety of causes, including opioid withdrawal, and assert that most causes of abdominal pain are not life threatening. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

18.     Responding to paragraph 17 of the First Amended Complaint, the HHS Defendants state that to the extent that this paragraph references HHS's Nursing Standing Orders Policy, Policy No. 4020-2.12019, that this document speaks for itself. The HHS Defendants deny all remaining allegations in paragraph 17 and put Plaintiff to his strict burden of proof.

19.     Responding to paragraph 18 of the First Amended Complaint, the HHS Defendants admit that abdominal pain can be, but is not always, a symptom of appendicitis, peptic ulcers, intestinal obstruction, abdominal aortic aneurysms, and/or gastrointestinal perforations. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

20.     The HHS Defendants admit generally the allegations in paragraphs 19 and 20 of the First Amended Complaint.

21.     Responding to paragraph 21 of the First Amended Complaint, the HHS Defendants admit that a duodenal perforation can have a variety of causes but assert that foreign bodies are very uncommon causes of duodenal perforation and put Plaintiff to his strict burden of proof.

22.     Responding to paragraphs 22 and 23 of the First Amended Complaint, the HHS Defendants state that a "bag of drugs" is a broad statement subject to many different meanings and therefore the HHS Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraphs 22 and 23 and put Plaintiff to his strict burden of proof.

23.     The HHS Defendants admit generally the allegations in paragraph 24 of the First Amended Complaint.

24.     Responding to paragraph 25 of the First Amended Complaint, the HHS Defendants admit that the leaking of the contents of the duodenum into the peritoneal cavity can result in peritonitis, which is an inflammation of the peritoneum, but deny that peritonitis is always caused by infection and put Plaintiff to his strict burden of proof.

25. Responding to paragraph 26 of the First Amended Complaint, the HHS Defendants admit that if peritonitis is caused by infection, and if not promptly and effectively treated, the infection can spread, resulting in sepsis, but deny that peritonitis is always caused by infection and put Plaintiff to his strict burden of proof.

26. The HHS Defendants admit generally the allegations in paragraph 27 of the First Amended Complaint.

27. The allegations in paragraph 28 of the First Amended Complaint are legal conclusions that require no response. To the extent a response is required, the HHS Defendants admit that a duodenal perforation can result in death but deny the remaining allegations in paragraph 28 and put Plaintiff to his strict burden of proof.

28. The allegations in paragraph 29 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants admit that a nurse treating a patient with overt and severe pain localized to the abdomen should perform an assessment of the patient and further assert that the Defendant nurses performed assessments of Lucas. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

29. The allegations in paragraphs 30 through 32 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the allegations in paragraphs 30 through 32 are unclear and therefore the HHS Defendants lack sufficient information and knowledge to admit or deny the allegations and put Plaintiff to his strict burden of proof.

30.     Responding to paragraph 33 of the First Amended Complaint, the HHS Defendants admit that rigidity includes an involuntary stiffening of the abdominal muscles but deny that rigidity is typically a sign of peritonitis.

31.     The HHS Defendants admit generally the allegations in paragraph 34 of the First Amended Complaint.

32.     The allegations in paragraph 35 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants admit generally that rebound tenderness involves the pain exhibited upon releasing pressure applied to the abdomen but state the remaining allegations in paragraph 35 are unclear and therefore the HHS Defendants lack sufficient information and knowledge to admit or deny and put Plaintiff to his strict burden of proof.

33.     Responding to paragraph 36 of the First Amended Complaint, the HHS Defendants admit that rebound tenderness can be consistent with peritonitis but deny that it is diagnostic of peritonitis.

34.     The allegations in paragraph 37 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants deny the allegations in paragraph 37 and assert that there are legitimate medical reasons why a patient may be asked to engage in physical activity such as walking.

35.     The allegations in paragraph 38 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants admit that physical activity may exacerbate

symptoms of abdominal conditions but deny that movement itself would exacerbate all underlying conditions.

36.     The allegations in paragraph 39 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants admit that unnecessary movement for a patient with a duodenal perforation aggravates pain and discomfort but deny the remaining allegations in paragraph 39 and put Plaintiff to his strict burden of proof.

37.     The allegations in paragraphs 40 and 41 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants state the allegations in paragraphs 40 and 41 are unclear and therefore the HHS Defendants lack sufficient information and knowledge to admit or deny and put Plaintiff to his strict burden of proof.

38.     The HHS Defendants deny the allegations in paragraph 42 of the First Amended Complaint and further state that overt and severe pain localized to the abdomen, abdominal rigidity, and abdominal guarding can be consistent with opioid withdrawal.

39.     The HHS Defendants deny the allegations in paragraphs 43 and 44 of the First Amended Complaint.

40.     Responding to paragraph 45 of the First Amended Complaint, the HHS Defendants deny the allegations in paragraph 45, and specifically deny that opioid withdrawal is considered a potentially deadly condition that can cause a number of other deadly conditions.

41.     The allegations in paragraphs 46 and 47 of the First Amended Complaint are legal conclusions and/or require expert opinions and require no response. To the extent a response is required, the HHS Defendants state the allegations in paragraphs 46 and 47 are unclear and therefore the HHS Defendants lack sufficient information and knowledge to admit or deny and put Plaintiff to his strict burden of proof.

42.     Responding to paragraphs 48 and 49 of the First Amended Complaint, the County Defendants admit that on July 18, 2022, police arrested Lucas and brought him to the ADC, where Lucas stated that he had ingested drugs. The County Defendants deny the remaining allegations in paragraphs 48 and 49. Because the allegations in paragraphs 48 and 49 are directed to the County Defendants only, they require no response from the HHS Defendants.

43.     Responding to paragraphs 50 through 52 of the First Amended Complaint, the County Defendants admit that Lucas went to the HCMC Emergency Department ("ED") on July 18, 2022, after the ADC turned him away, but deny that the County presented Lucas to the ED. The County Defendants admit that Lucas was in the County's custody once he was booked into the ADC and detained there, but deny that the County arrested Lucas and deny that Lucas was in the County's custody while he was at the ED. The County Defendants deny the remaining allegations in paragraphs 50 through 52. Because the allegations in paragraphs 50 through 52 are directed to the County Defendants only, they require no response from the HHS Defendants.

44.     The allegations in paragraphs 53 through 67 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

45.     The HHS Defendants admit generally the allegations in paragraph 53 of the First Amended Complaint.

46.     Responding to paragraphs 54 through 57 of the First Amended Complaint, the HHS Defendants state that to the extent that these paragraphs reference Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

47.     Responding to paragraphs 58 through 65 of the First Amended Complaint, the HHS Defendants admit that Lucas received certain medical care and treatment as more fully set forth in the medical records but deny any and all other allegations adverse to these answering Defendants and put Plaintiff to his strict burden of proof.

48.     Responding to paragraphs 66 through 67 of the First Amended Complaint, the HHS Defendants state that to the extent that these paragraphs reference Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

49.     Responding to paragraph 68 of the First Amended Complaint, the HHS and County Defendants admit that the ADC and the HCMC ED are both located in downtown Minneapolis, and that Nurse Omweri, Nurse Willis, Nurse Diaz, and Deputy Weatherspoon

were generally aware of the physical locations of the ADC and the HCMC ED. The HHS and County Defendants deny the remaining allegations in paragraph 68.

50.     The allegations in paragraphs 69 through 80 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

51.     Responding to paragraph 69 of the First Amended Complaint, the HHS Defendants admit that Nurse Kathryn Piha performed a medical intake screening of Lucas at the ADC on July 18, 2022.

52.     Responding to paragraph 70 of the First Amended Complaint, the HHS Defendants admit that Lucas disclosed his drug history as more fully set forth in the medical records.

53.     Responding to paragraph 71 of the First Amended Complaint, the HHS Defendants admit that HHS employees have access to patient medical records from HHS.

54.     The HHS Defendants deny the allegations in paragraphs 72 and 73 of the First Amended Complaint.

55.     Responding to paragraph 74 of the First Amended Complaint, the HHS Defendants state that to the extent that this paragraph references Lucas's medical records, the medical records speak for themselves. The HHS Defendants admit that Lucas was prescribed medications to treat his opioid withdrawal.

56.     Responding to paragraph 75 of the First Amended Complaint, the HHS Defendants state that the allegation that Vistaril, Zofran, and Imodium are not "controlled

substances" is a legal conclusion that requires no response. To the extent a response is required, the HHS Defendants deny the allegations in paragraph 75.

57.     Responding to paragraph 76 of the First Amended Complaint, the HHS Defendants admit that Lucas received medication to treat his opioid withdrawal during his detention at the ADC.

58.     Responding to paragraphs 77 through 79 of the First Amended Complaint, the HHS Defendants state that to the extent that these paragraphs reference Lucas's medical records, the medical records speak for themselves. The HHS Defendants admit that Lucas received certain medical care and treatment as more fully set forth in the medical records but deny any and all other allegations adverse to these answering Defendants and put Plaintiff to his strict burden of proof.

59.     The HHS Defendants deny the allegations in paragraph 80 of the First Amended Complaint.

60.     Responding to paragraph 81 of the First Amended Complaint, the County Defendants admit that on July 18, 2022, Lucas was initially housed in general population, and that in the early morning hours of July 20, 2022, Lucas vomited. The County Defendants state that the still image in paragraph 81, the video footage that contains that still image, and all other video footage and ADC records referenced in this paragraph, speak for themselves. The County Defendants deny all remaining allegations in paragraph 81. Because the allegations in paragraph 81 are directed to the County Defendants only, they require no response from the HHS Defendants.

61.     Responding to paragraph 82 of the First Amended Complaint, the County Defendants admit that on the morning of July 20, 2022, Lucas was moved from his initial housing assignment to protective custody, where he was in a cell by himself. The County Defendants deny all remaining allegations in paragraph 82. Because the allegations in paragraph 82 are directed to the County Defendants only, they require no response from the HHS Defendants.

62.     Responding to paragraph 83 of the First Amended Complaint, the County Defendants state that the ADC records referenced in paragraph 83 speak for themselves. The County Defendants deny all remaining allegations in paragraph 83. Because the allegations in paragraph 83 are directed to the County Defendants only, they require no response from the HHS Defendants.

63.     The allegations in paragraph 84 of the First Amended Complaint are legal conclusions that require no response from the HHS and County Defendants. To the extent a response is required, the HHS and County Defendants are without sufficient knowledge and information to admit or deny that Lucas did not eat after moving to protective custody and put Plaintiff to his strict burden of proof. The HHS and County Defendants deny all remaining allegations in paragraph 84.

64.     The HHS and County Defendants deny the allegations in paragraph 85 of the First Amended Complaint.

65.     Responding to paragraph 86 of the First Amended Complaint, the County Defendants admit that Deputy Weatherspoon knew that on the morning of July 21, 2022,

Lucas declined an offer to be out of his cell alone for one hour. The HHS and County Defendants deny the remaining allegations in paragraph 86.

66. The HHS and County Defendants deny the allegations in paragraph 87 of the First Amended Complaint.

67. The HHS and County Defendants admit the allegations in paragraph 88 of the First Amended Complaint.

68. The allegations in paragraphs 89 through 94 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

69. Responding to paragraph 89 of the First Amended Complaint, the HHS Defendants state that the video footage attached as Exhibit A to the First Amended Complaint, and any other video footage referenced in this paragraph, speak for themselves.

70. Responding to paragraph 90 of the First Amended Complaint, the HHS Defendants admit that Nurse Willis had the appropriate medical training, knowledge, and experience for her position as an RN. The HHS Defendants deny the remaining allegations in paragraph 90.

71. The HHS Defendants deny the allegations in paragraphs 91 through 93 of the First Amended Complaint.

72. Responding to paragraph 94 of the First Amended Complaint, the HHS Defendants state that the screenshot in paragraph 94, and the medical records that contain that screenshot, speak for themselves. Any and all other allegations adverse to these

answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

73.     Responding to paragraph 95 of the First Amended Complaint, the HHS and County Defendants state that the video footage attached as Exhibit A to the First Amended Complaint, and any other video footage referenced in this paragraph, speak for themselves. The HHS Defendants and the County Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in paragraph 95 and therefore put Plaintiff to his strict burden of proof.

74.     Responding to paragraphs 96 through 99 of the First Amended Complaint, the HHS and County Defendants state that the still images in paragraphs 96 and 98, the video footage that contains these still images, and any other video footage referenced in paragraphs 96 through 99, speak for themselves. The HHS Defendants and the County Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in paragraphs 96 through 99 and therefore put Plaintiff to his strict burden of proof.

75.     Responding to paragraph 100 of the Frist Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof. Because the allegations in paragraph 100 are directed to the HHS Defendants only, they require no response from the County Defendants.

76.     The HHS Defendants deny the allegations in paragraph 101 of the First Amended Complaint. Because the allegations in paragraph 101 are directed to the HHS Defendants only, they require no response from the County Defendants.

77.     Responding to paragraph 102 of the First Amended Complaint, the County Defendants state that the document excerpted in paragraph 102 speaks for itself. The County Defendants deny all remaining allegations in paragraph 102. Because the allegations in paragraph 102 are directed to the County Defendants only, they require no response from the HHS Defendants.

78.     The allegations in paragraphs 103 through 108 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

79.     Responding to paragraph 103 and 104 of the First Amended Complaint, the HHS Defendants state that the still image in paragraph 103, the video footage that contains that still image, as well as any other medical records and/or jail footage referenced in these paragraphs, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

80.     The HHS Defendants deny the allegations in paragraph 105 through 107 of the First Amended Complaint.

81.     Responding to paragraph 108 of the First Amended Complaint, the HHS Defendants state to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these

answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

82. Responding to paragraph 109 of the First Amended Complaint, the County Defendants state that the document referenced in paragraph 109 speaks for itself. The County Defendants deny all remaining allegations in paragraph 109. Because the allegations in paragraph 109 are directed to the County Defendants only, they require no response from the HHS Defendants.

83. The allegations in paragraphs 110 through 125 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

84. Responding to paragraph 110 of the First Amended Complaint, the HHS Defendants state to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

85. The HHS Defendants admit the allegations in paragraph 111 of the First Amended Complaint.

86. The HHS Defendants deny the allegations in paragraphs 112 through 120 of the First Amended Complaint. The HHS Defendants further state that Nurse Willis reasonably and appropriately treated Lucas for his symptoms consistent with his opioid withdrawal. The HHS Defendants specifically deny that Nurse Willis deviated from the standard of care, was negligent, was deliberately indifferent to Lucas's medical needs, or

otherwise had any basis to believe that Lucas was suffering from anything other than opioid withdrawal.

87.     Responding to paragraph 121 of the First Amended Complaint, the HHS Defendants admit Nurse Willis returned to check on Lucas and took a second blood pressure reading at approximately 10:06 p.m. on July 20, 2022.

88.     Responding to paragraph 122 of the First Amended Complaint, the HHS Defendants state that the video footage attached as Exhibit B to the First Amended Complaint, and any other video footage referenced in this paragraph, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

89.     Responding to paragraph 123 of the First Amended Complaint, the HHS Defendants state that the screenshot in paragraph 123, and the medical records that contain that screenshot, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

90.     The HHS Defendants deny the allegations in paragraphs 124 and 125 of the First Amended Complaint.

91.     Responding to paragraph 126 of the First Amended Complaint, the HHS and County Defendants state that the still images in paragraph 126, and the video footage that contains them, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS and County Defendants put Plaintiff to his strict burden of proof.

92.     The allegations in paragraphs 127 through 134 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

93.      Responding to paragraph 127 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

94.     Responding to paragraph 128 of the First Amended Complaint, the HHS Defendants admit that Clonidine is a medication to treat a variety of things, including opioid withdrawal, and typically acts to lower blood pressure.

95.     The HHS Defendants deny the allegations in paragraphs 129 through 134 of the First Amended Complaint. The HHS Defendants further state that Nurse Willis reasonably and appropriately treated Lucas for his symptoms consistent with his opioid withdrawal. The HHS Defendants specifically deny that Nurse Willis deviated from the standard of care, was negligent, was deliberately indifferent to Lucas's medical needs, or otherwise had any basis to believe that Lucas was suffering from anything other than opioid withdrawal.

96.     Responding to paragraphs 135 and 136 of the First Amended Complaint, the County Defendants state that the ADC records referenced in paragraph 135 and excerpted in paragraph 136 speak for themselves. The County Defendants deny all remaining allegations in paragraphs 135 and 136. Because the allegations in paragraphs 135 and 136

are directed to the County Defendants only, they require no response from the HHS Defendants.

97.     Responding to paragraph 137 of the First Amended Complaint, the HHS and County Defendants admit that Nurse Diaz and Detention Deputy Morales-Pliego visited Lucas in his cell at approximately 1:40 a.m. on July 21, 2022.

98.     The allegations in paragraphs 138 through 144 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

99.     Responding to paragraph 138 of the First Amended Complaint, the HHS Defendants state that the video footage attached as Exhibit C to the First Amended Complaint, and any other video footage referenced in this paragraph, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

100.    Responding to paragraph 139 of the First Amended Complaint, the HHS Defendants admit that Nurse Diaz had the appropriate medical training, knowledge, and experience for her position as an RN. The HHS Defendants deny the remaining allegations in paragraph 139.

101.    The HHS Defendants deny the allegations in paragraphs 140 through 142 of the First Amended Complaint.

102.    Responding to paragraph 143 of the First Amended Complaint, the HHS Defendants state the screenshot in paragraph 143, and the medical records that contain that

screenshot, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

103. Responding to paragraph 144 of the First Amended Complaint, the HHS Defendants state that the still image in paragraph 144, and the video footage that contains that still image, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

104. Responding to paragraph 145 of the First Amended Complaint, the HHS and County Defendants state that to the extent this paragraph references jail video footage, such footage speaks for itself. Any and all other allegations adverse to these answering Defendants are denied and the HHS and County Defendants put Plaintiff to his strict burden of proof.

105. The allegations in paragraphs 146 through 166 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

106. Responding to paragraph 146 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

107. Responding to paragraphs 147 through 149 of the First Amended Complaint, the HHS Defendants state that the still images in paragraphs 147 and 149, the video footage

that contains those still images, and any other video footage referenced in these paragraphs, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

108.    The HHS Defendants deny the allegations in paragraphs 150 and 151 of the First Amended Complaint.

109.    Responding to paragraphs 152 and 153 of the First Amended Complaint, the HHS Defendants state that to the extent these paragraphs reference Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

110.    The HHS Defendants deny the allegations in paragraphs 154 and 155 of the First Amended Complaint.

111.    Responding to paragraph 156 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

112.    Responding to paragraphs 157 and 158, the HHS Defendants state that the still image in paragraph 157, the video footage that contains that still image, and any other video footage referenced in these paragraphs, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

113.     The HHS Defendants deny the allegations in paragraphs 159 through 166 of the First Amended Complaint. The HHS Defendants further state that Nurse Diaz reasonably and appropriately treated Lucas for his symptoms consistent with his opioid withdrawal. The HHS Defendants specifically deny that Nurse Diaz deviated from the standard of care, was negligent, was deliberately indifferent to Lucas's medical needs, or otherwise had any basis to believe that Lucas was suffering from anything other than opioid withdrawal.

114.     Responding to paragraphs 167 and 168 of the First Amended Complaint, the County Defendants state that the ADC records referenced in paragraph 167 and excerpted in paragraph 168 speak for themselves. The County Defendants deny all remaining allegations in paragraphs 167 and 168. Because the allegations in paragraphs 167 and 168 are directed to the County Defendants only, they require no response from the HHS Defendants.

115.     Responding to paragraphs 169 and 170 of the First Amended Complaint, the HHS and County Defendants admit that Nurse Diaz and Detention Deputy Morales-Pliego visited Lucas in his cell at approximately 3:00 a.m. on July 21, 2022. The HHS and County Defendants state that the video footage attached as Exhibit D to the First Amended Complaint, and any other video footage referenced in paragraphs 169 and 170, speak for themselves. The HHS and County Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in paragraphs 169 and 170 and therefore put Plaintiff to his strict proof.

116.    Responding to paragraphs 171 and 172 of the First Amended Complaint, the HHS Defendants state to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof. Because the allegations in paragraphs 171 and 172 are directed to the HHS Defendants only, they require no response from the County Defendants.

117.    Responding to paragraphs 173 and 174 of the First Amended Complaint, the HHS and County Defendants state that the video footage attached as Exhibit D to the First Amended Complaint speaks for itself. The HHS and County Defendants further state that to the extent these paragraphs reference other video footage and/or ADC records, such footage and records speak for themselves. The HHS and County Defendants deny all remaining allegations in paragraphs 173 and 174.

118.    The allegations in paragraphs 175 through 182 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

119.    Responding to paragraph 175 of the First Amended Complaint, the HHS Defendants admit that Nurse Diaz did not obtain Lucas's vitals a second time. The HHS Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 175 and therefore deny the same and put Plaintiff to his strict burden of proof.

120.     Responding to paragraph 176 of the First Amended Complaint, the HHS Defendants admit that Nurse Diaz gave Lucas Maalox to treat symptoms consistent with his opioid withdrawal.

121.     The HHS Defendants deny the allegations in paragraphs 177 through 182 of the First Amended Complaint. The HHS Defendants further state that Nurse Diaz reasonably and appropriately treated Lucas for his symptoms consistent with his opioid withdrawal. The HHS Defendants specifically deny that Nurse Diaz deviated from the standard of care, was negligent, was deliberately indifferent to Lucas's medical needs, or otherwise had any basis to believe that Lucas was suffering from anything other than opioid withdrawal.

122.     Responding to paragraphs 183 and 184 of the First Amended Complaint, the HHS and County Defendants admit that Nurse Omweri met with Lucas at approximately 8:40 a.m. on July 21, 2022, for medication rounds with Deputy Weatherspoon. The HHS and County Defendants state that the video footage attached as Exhibit E to the First Amended Complaint, and any other video footage and/or records referenced in paragraphs 183 and 184, speak for themselves. The HHS and County Defendants deny all remaining allegations in paragraphs 183 and 184.

123.     The allegations in paragraphs 185 through 197 of the First Amended Complaint are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

124.     Responding to paragraph 185 of the First Amended Complaint, the HHS Defendants admit that Nurse Omweri had the appropriate medical training, knowledge, and

experience for her position as an RN. The HHS Defendants deny the remaining allegations in paragraph 185.

125. The HHS Defendants deny the allegations in paragraphs 186 through 188 of the First Amended Complaint.

126. Responding to paragraph 189 of the First Amended Complaint, the HHS Defendants state that the still image in paragraph 189, and the video footage that contains that still image, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

127. Responding to paragraph 190 of the First Amended Complaint, the HHS Defendants state that the screenshot in paragraph 190, and the medical records that contain that screenshot, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

128. The HHS Defendants deny the allegations in paragraph 191 of the First Amended Complaint.

129. Responding to paragraph 192 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

130.     Responding to paragraph 193 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references jail video footage from July 21, 2022, such footage speaks for itself. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof.

131.     Responding to paragraph 194 of the First Amended Complaint, the HHS Defendants admit Nurse Omweri was not required to take a complete set of Lucas's vitals during medication rounds on July 21, 2022.

132.     The HHS Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 195 and therefore put Plaintiff to his strict burden of proof.

133.     Responding to paragraph 196 of the First Amended Complaint, the HHS Defendants admit that Nurse Omweri gave Lucas several medications to address his opioid withdrawal symptoms. The HHS Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 196 and therefore put Plaintiff to his strict burden of proof.

134.     Responding to paragraph 197 of the First Amended Complaint, the HHS Defendants state that the still image in paragraph 197, and the video footage that contains that still image, speak for themselves. The HHS Defendants admit that Nurse Omweri gave Lucas Maalox for his withdrawal symptoms but deny the remaining allegations in paragraph 197.

135.     Responding to paragraph 198 of the First Amended Complaint, the HHS and County Defendants state that the video footage attached as Exhibit E to the First Amended Complaint, and any other video footage referenced in paragraph 198, speak for themselves. The HHS and County Defendants deny all remaining allegations in paragraph 198.

136.     Responding to paragraphs 199 through 201 of the First Amended Complaint, the HHS Defendants state that the still images in paragraphs 200 and 201, the video footage that contains those still images, and any other jail video footage being referenced in these paragraphs, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof. Because the allegations in paragraphs 199 through 201 are directed to the HHS Defendants only, they do not require a response from the County Defendants.

137.     Responding to paragraph 202 of the First Amended Complaint, the HHS Defendants state that to the extent this paragraph references Lucas's medical records, the medical records speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS Defendants put Plaintiff to his strict burden of proof. Because the allegations in paragraph 202 are directed to the HHS Defendants only, they require no response from the County Defendants.

138.     Responding to paragraph 203 of the First Amended Complaint, the HHS and County Defendants state that the video footage attached as Exhibit E to the First Amended Complaint, and any other video footage referenced in paragraph 203, speak for themselves. The HHS and County Defendants deny all remaining allegations in paragraph 203.

139.    The HHS Defendants deny the allegations in paragraphs 204 through 217 of the First Amended Complaint. The HHS Defendants further state that Nurse Omweri reasonably and appropriately treated Lucas for his symptoms consistent with his opioid withdrawal. The HHS Defendants specifically deny that Nurse Omweri deviated from the standard of care, was negligent, was deliberately indifferent to Lucas's medical needs, or otherwise had any basis to believe that Lucas was suffering from anything other than opioid withdrawal. Because the allegations in paragraphs 204 through 217 are directed to the HHS Defendants only, they require no response from the County Defendants.

140.    The allegations in paragraphs 218 through 229 are directed to the County Defendants only. Accordingly, they require no response from the HHS Defendants.

141.    The County Defendants deny the allegations in paragraph 218 of the First Amended Complaint.

142.    Responding to paragraphs 219 through 221 of the First Amended Complaint, the County Defendants state that the still images in paragraphs 220 and 221, the video footage that contains those still images, and any other video footage referenced in paragraphs 219 through 221, speak for themselves. The County Defendants affirmatively state that at all relevant times Deputy Weatherspoon acted reasonably and appropriately, was not negligent, and was not deliberately indifferent to Lucas's medical needs. The County Defendants deny all remaining allegations in paragraphs 219 through 221.

143.    Responding to paragraphs 222 and 223 of the First Amended Complaint, the County Defendants deny that any law or policy dictates exactly how to conduct a proper well-being check, and they deny all remaining allegations in paragraphs 222 and 223.

144.    Responding to paragraph 224 of the First Amended Complaint, the County Defendants admit that on July 21, 2022, Deputy Weatherspoon conducted multiple well-being checks on Lucas. The County Defendants state that the video footage attached as Exhibits F through O to the First Amended Complaint, and any other video footage and ADC records referenced in this paragraph, speak for themselves. The County Defendants affirmatively state that at all relevant times—including while conducting well-being checks on July 21, 2022—Deputy Weatherspoon acted reasonably and appropriately, was not negligent, and was not deliberately indifferent to Lucas's medical needs. The County Defendants deny all remaining allegations in paragraph 224.

145.    The County Defendants lack information sufficient to admit or deny the allegations in paragraph 225 of the First Amended Complaint and therefore put Plaintiff to his strict burden of proof.

146.    The County Defendants state that the ADC records referenced in paragraph 226 of the First Amended Complaint speak for themselves. The County Defendants deny all remaining allegations in paragraph 226.

147.    The County Defendants deny the allegations in paragraphs 227 through 229 of the First Amended Complaint. The County Defendants affirmatively state that at all relevant times Deputy Weatherspoon acted reasonably and appropriately, was not negligent, and was not deliberately indifferent to Lucas's medical needs.

148.    Responding to paragraph 230 of the First Amended Complaint, the HHS and County Defendants state that the still images in paragraph 230, the video footage that contains the still images, the video footage attached as Exhibit P to the First Amended

Complaint, and any other video footage referenced in paragraph 230, speak for themselves. Any and all other allegations adverse to these answering Defendants are denied and the HHS and County Defendants put Plaintiff to his strict burden of proof.

149. Responding to paragraphs 231 through 234 of the First Amended Complaint, the County Defendants admit that on July 21, 2022, Deputy Weatherspoon conducted multiple well-being checks on Lucas, including a series of checks at approximately 12:19 p.m., and that Deputy Weatherspoon found Lucas unresponsive in his cell at approximately 12:39 p.m. The County Defendants state that the video footage attached as Exhibits Q and R to the First Amended Complaint[1] speaks for itself. The County Defendants further state that the still image in paragraph 234, the video footage that contains that still image, and any other video footage and/or ADC records referenced in paragraphs 231 through 234 speak for themselves. The County Defendants affirmatively state that at all relevant times Deputy Weatherspoon acted reasonably and appropriately, was not negligent, and was not deliberately indifferent to Lucas's medical needs. The County Defendants deny all remaining allegations. Because the allegations in paragraphs 231 through 234 are directed to the County Defendants only, they require no response from the HHS Defendants.

150. The HHS and County Defendants admit the allegations in paragraph 235 of the First Amended Complaint.

151. Responding to paragraph 236 of the First Amended Complaint, the HHS and County Defendants state that to the extent that this paragraph references the Hennepin

---

[1]    Exhibit Q and Exhibit R appear to be identical.

County Medical Examiner's Cause of Death Hierarchy related to Lucas, medical records, and/or paramedic records, those documents speak for themselves.

152. The HHS and County Defendants state that the photograph in paragraph 237 of the First Amended Complaint speaks for itself. The HHS and County Defendants deny all remaining allegations in paragraph 237.

153. Responding to paragraphs 238 and 239 of the First Amended Complaint, the HHS and County Defendants state that to the extent that these paragraphs reference the Hennepin County Medical Examiner's Cause of Death Hierarchy related to Lucas, that document speaks for itself. The HHS and County Defendants deny the remaining allegations in paragraphs 238 and 239.

154. The HHS and County Defendants deny the allegations in paragraphs 240 and 241 of the First Amended Complaint. The HHS and County Defendants specifically deny that they deviated from the applicable standard of care, were negligent, were deliberately indifferent to Lucas's medical needs, or otherwise had any basis to believe that Lucas was experiencing anything other than opioid withdrawal.

**COUNT I**

155. Responding to paragraph 242 of the First Amended Complaint, the HHS and County Defendants reallege their answers to all allegations in the First Amended Complaint.

156. Responding to paragraphs 243 through 259 of the First Amended Complaint, the HHS and County Defendants state that to the extent these paragraphs state legal

conclusions, they are not a pleading to which a response is required. The HHS and County Defendants deny the remaining allegations in paragraphs 243 through 259.

## COUNT II

157.    Responding to paragraph 260 of the First Amended Complaint, the HHS and County Defendants reallege their answers to all allegations in the First Amended Complaint.

158.    Responding to paragraphs 261 through 263 of the First Amended Complaint, the HHS and County Defendants state that to the extent that these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and the County Defendants deny the remaining allegations in paragraphs 261 through 263.

159.    Responding to paragraph 264 of the First Amended Complaint, the HHS Defendants admit that Nurse Omweri, Nurse Willis, and Nurse Diaz are healthcare providers. The County Defendants deny that Deputy Weatherspoon is a healthcare worker. The HHS and County Defendants deny all remaining allegations in paragraph 264.

160.    Responding to paragraph 265 of the First Amended Complaint, the HHS and County Defendants admit that Plaintiff attached a declaration of expert review as Exhibit S to the First Amended Complaint, and further state that this document speaks for itself.

161.    Responding to paragraphs 266 through 271 of the First Amended Complaint, the HHS and County Defendants state that to the extent these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and County Defendants deny the remaining allegations in paragraphs 266 through 271.

## COUNT III

162.    Responding to paragraph 272 of the First Amended Complaint, the HHS and County Defendants reallege their answers to all allegations in the First Amended Complaint.

163.    Responding to paragraphs 273 through 276 of the First Amended Complaint, the HHS and County Defendants state that to the extent that these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and County Defendants deny the remaining allegations in paragraphs 273 through 276.

## JURY DEMAND

164.    Responding to Plaintiff's jury demand, the HHS and County Defendants admit that Plaintiff demands a trial by jury for issues of fact alleged in the First Amended Complaint.

## PRAYER FOR RELIEF

165.    Responding to Plaintiff's Prayer for Relief, the HHS and County Defendants deny that Plaintiff is entitled to the relief he requests in the Prayer for Relief, including paragraphs 1 through 4.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff's claims are barred by various immunity doctrines, including qualified immunity, official immunity, statutory immunity, and any other immunities conferred by federal and state statutes or common law.

2.    These answering Defendants affirmatively allege that a proximate or the sole proximate or superseding cause of the Plaintiff's alleged injuries and damages may have

been a pre-existing medical condition and/or subsequently occurring medical conditions for which these answering Defendants are not responsible.

3.      These answering Defendants complied in all respects with the applicable standards of care and did not breach any legal duty. Their conduct did not cause any injuries, death, or other damages as claimed in the First Amended Complaint.

4.      These answering Defendants affirmatively allege that any injuries or damages sustained by the Plaintiff may have been caused or contributed to by the conduct or actions of persons, parties, entities, forces, and/or facts and/or circumstances over which these answering Defendants exercised no authority or control.

5.      There is no causal relationship between the actions of these answering Defendants and injuries or damages sustained by Plaintiff, Lucas, or Lucas's next of kin, if any.

6.      The damages available in this litigation, if any, are subject to Minn. Stat. § 573.02 and Minn. Stat. §§ 466.02 and 466.04.

7.      These answering Defendants affirmatively allege that Plaintiff's supplemental state law claims are governed by Minn. Stat. § 145.682 and demand is hereby made for full and strict compliance therewith.

8.      These answering Defendants affirmatively allege that they are without sufficient knowledge and information at this time to determine the applicability of other affirmative defenses outlined in the Federal Rules of Civil Procedure and, therefore, reserve their right to plead other affirmative defenses or objections or defenses available under the applicable Rules of Civil Procedure.

WHEREFORE, Defendants Omweri, Willis, Diaz, Weatherspoon, HHS, and Hennepin County ask for an Order of the Court as follows:

1.      Dismissing Plaintiff's First Amended Complaint and granting judgment in favor of Defendants.

2.      Awarding Defendants their costs, disbursements, and attorney fees as allowed by law.

3.      Awarding Defendants such other further relief as this Court deems just and equitable.

Dated: June 14, 2024                    Respectfully submitted,

MARY F. MORIARTY
Hennepin County Attorney

By: */s/ Marissa K. Linden*
    MARISSA K. LINDEN (0395564)
    Assistant Hennepin County Attorney
    2000A Government Center, MC200
    300 South Sixth Street
    Minneapolis, MN 55487
    Telephone: (612) 348-4782
    FAX No: (612) 348-8299
    Marissa.Linden@hennepin.us

    *Attorneys for Defendants Roselene M.*
    *Omweri, Kay P. Willis, Michelle D. Diaz,*
    *and Hennepin Healthcare System, Inc.*


By: */s/ Christiana M. Martenson*
    KELLY K. PIERCE (0340716)
    CHRISTIANA M. MARTENSON (395513)
    Assistant Hennepin County Attorney
    2000A Government Center, MC200
    300 South Sixth Street
    Minneapolis, MN 55487
    Telephone: (612) 348-5518
    FAX No: (612) 348-8299
    Kelly.Pierce@hennepin.us
    Christiana.Martenson@hennepin.us

    *Attorneys for Defendants Lucas*
    *Weatherspoon and Hennepin County*