# EXHIBIT A

27-CV-22-18265
27-CV-22-18265

Filed in District Court
State of Minnesota
1/6/2023 11:35 AM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type: Appointment of Trustee

In the Matter of the Appointment of
a trustee for the next of kin of
Lucas John Bellamy, Decedent.

Case No. 27-CV-22-18265

**Order**

The Petition for Appointment of Trustee in this matter brought pursuant to Minnesota Statue Section 573.02 and Minnesota General Rule of Practice 144 has been duly considered, and it is HEREBY ORDERED THAT:

Upon the filing of an oath pursuant to Minnesota Statute Section 358.06, Louis Bellamy is hereby appointed as Trustee for the next of kin of Lucas John Bellamy and has the authority to investigate and maintain any action for the wrongful death of Lucas John Bellamy. As such, Louis Bellamy shall have the authority to obtain all private and non-public data relative to Lucas John Bellamy in pursuit of the matters contemplated by the Petition, including but not limited to law enforcement records, financial records, and medical records. Louis Bellamy shall serve as Trustee without bond.

Dated: Jan 6, 2023

BY THE COURT:

Hon. Judge of District Court

Kristin A. Siegesmund

# EXHIBIT B

## RETAINER AGREEMENT

I, Louis Bellamy, hereby retain and employ Newmark Storms Dworak LLC ("NSD") and Oleisky and Oleisky, P.A. ("Oleisky") (collectively, my "attorneys") to represent me in the handling, presentation and settlement of any and all claims I may have on behalf of the next of kin of Lucas John Bellamy ("Lucas") for the violation of his civil rights at the Hennepin County Jail resulting in his death on July 21, 2022, and to institute any and all litigation necessary in connection therewith, and to supervise and generally handle the same, and do hereby agree to pay the legal fee in the amount of forty percent (40%) of the gross recovery, if recovered, in a single cash payment, whether as a result of settlement or trial.

I understand and agree that the attorney fees will be split between the two law firms in the following manner: (a) 80% to NSD and 20% to Oleisky if resolved prior to a motion for summary judgment; (b) 85% to NSD and 15% to Oleisky if resolved after a motion for summary judgment; and (c) 90% to NSD and 10% to Oleisky if resolved after trial or an appeal. NSD shall be responsible for bearing the costs associated with this litigation.

It is further understood and agreed that if there is a recovery, my attorneys shall also be reimbursed for all out-of-pocket costs involved in the prosecution of this claim, such as court costs, costs of litigation, expert witnesses, depositions and the like, and that such costs will be in addition to the legal fees set forth above. I understand that I owe my attorneys no payment or reimbursement if they do not recover on behalf of Lucas' next of kin.

All medical expenses and medical charges of any kind relating to this claim are not litigation costs and payment of those costs is not the responsibility of my attorneys. In the event of a recovery, I agree that my attorneys may pay any of these bills from the next of kin's share of the recovery to the extent they are outstanding. Should I recover nothing, it is understood that my attorneys are not required to pay any of these medical bills.

I understand that my attorneys will investigate my claim, and if at any time thereafter, it does not appear to have merit, then my attorneys shall have the right to terminate this agreement.  My attorneys, in their discretion, may withdraw at any time from the case if investigation discloses no insurance coverage or no assets of the defendants.

I understand that if my attorney-client relationship with my attorneys terminates at any point prior to the conclusion of the case, that they shall be entitled to seek a percentage of the fee award to the extent allowable based upon a quantum meruit analysis under Minnesota law (i.e., payment based upon the amount and quality of time the firm invested in the case).

I understand that any party I sue may assess taxable costs against Lucas's estate in the event my lawsuit is unsuccessful.

I hereby authorize my attorneys to turn over all information including doctors' reports, etc., and any and all photographs to the insurance companies of any of the defendants.

No promise or representation has been made by my attorneys as to the outcome of the claim or litigation, or as to what amounts, if any, I may be entitled to recover in this case.

I understand that my attorneys will maintain my case file for seven years from the conclusion of the representation.  After seven years, the attorneys may destroy my case file at their discretion.

No settlement in this claim shall be made without my prior consent.

This Fee Agreement shall be binding upon my heirs, assigns, successors, executors and legal representatives and will supersede any prior Fee Agreement.

Date: 2/3/2023 _____

Lucas Bellamy

Date: 2/2/2023 _____

Jeffrey Storms
Jeffrey S. Storms

Date: 2/2/23 _____

Jill Oleisky

2

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS HUNZIKER, as Trustee for the next of kin of ALH, | Case No. 20-CV-2188 (NEB/TNL) |
| Plaintiff, | |
| v. | |
| PATRICIA DOHERTY; COUNTY OF HENNEPIN, MINNESOTA; ROBERT MARSHALL, M.D.; KRISTEN MEDHANIE; and ALLINA HEALTH SYSTEM, | ORDER ON PETITION FOR DISTRIBUTION OF WRONGFUL DEATH PROCEEDS |
| Defendants. | |

Thomas Hunziker filed this action as trustee for the next of kin of his granddaughter ALH, who died while in the care of the Hennepin County child welfare system. Hunziker and ALH's grandmother Mary Egan[1] settled their federal wrongful death claims against Hennepin County and Patricia Doherty (together, "County Defendants"). (Petition ¶ 11.) Hunziker now petitions for approval of distribution of the wrongful death settlement proceeds.

Under Rule 144.05 of Minnesota's General Rules of Practice, a trustee must submit to the court a verified petition seeking distribution of money recovered in a wrongful

---

[1] Eagan acted on behalf of ALH's brother JTH. (ECF No. 184 ("Petition") ¶ 10 (filed under seal).)

death case.[2] Minn. Gen. R. Prac. 144.05. The court may then approve, modify, or disapprove the petition. *Id.*

Hunziker filed a petition and other documentation supporting the distribution of the wrongful death proceeds, including consents and waivers from some of ALH's next of kin. (*E.g.*, ECF Nos. 191 (filed under seal), 193, 198 (filed under seal).) Hunziker and the County Defendants also filed a stipulation that the Court may enter an order approving their settlement, the terms of which are set forth in the Petition. (ECF No. 205 at 2 (citing Minn. Stat. § 466.08).) The Court held a hearing on the petition on July 28, 2022. The trustee Hunziker testified at the hearing. No objections have been raised to the settlement.

The Court has carefully considered Hunziker's petition and based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[2] Other courts in this District have followed Rule 144.05's procedure for approving similar settlements. *See, e.g.*, *Broadus v. Johnson*, No. 16-CV-1211, ECF No. 189 at 2 (D. Minn. Jan. 3, 2019) (collecting cases). As *Broadus* explained:

> In a wrongful death action brought pursuant to diversity jurisdiction, Local Rule 17.1 requires this Court to follow the State of Minnesota's procedure for approving the settlement of a claim brought by a trustee. There is no analogous rule that governs how the Court must proceed when, as here, the Court has original jurisdiction. Consistent with similar cases brought in this District, the Court follows the procedure for approving settlements, as articulated in Minnesota's General Rule of Practice 144.05.

*Id.* at 2 n.1. In the interest of judicial economy, this Court also follows Rule 144.05's procedure for approving the parties' settlement.

1. Based on the stipulation of Hunziker and the County Defendants, (ECF No. 205), the Court approves the settlement between these parties. In doing so, this Court acts in the stead of the state district court referenced in Section 466.08;

2. The Petition for Distribution of Wrongful Death Proceeds (ECF No. 184) is APPROVED;

3. Thomas Hunziker's proposed distribution is approved in principle;

4. Newmark Storms Dworak LLC is awarded fees and costs in the amount of $427,778.85;

5. Olson Defense PLLC is awarded fees in the amount of $44,000;

6. ALH's brother JTH shall receive a distribution in the amount of $308,848.15;

7. ALH's half-sister LH shall receive a distribution in the amount of $308,848.15;

8. Patricia Dahn shall receive a distribution in the amount of $10,000;

9. The Crime Victim's Reparations Board shall be reimbursed in the amount of $524.85;

10. No other distribution shall be made; and

11. Upon a global resolution with Hennepin County, Thomas Hunziker shall

12. submit a supplemental petition to the Court presenting a specific plan for the

structuring or otherwise securing of the minor funds.


Dated: July 28, 2022                    BY THE COURT:

                                        s/Nancy E. Brasel
                                        Nancy E. Brasel
                                        United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mary Broadus,                                    Case No. 16-cv-1211 (WMW/SER)

                    Plaintiff,

                                    **ORDER APPROVING PETITION FOR**
          v.                        **DISTRIBUTION OF SETTLEMENT**
                                    **PROCEEDS**
Richard A. Johnson, et al.,

                    Defendants.

---

This matter is before the Court on Plaintiff Mary Broadus's petition for distribution of settlement proceeds. (Dkt. 141.) The Court approves the petition and its proposed distribution to the extent addressed below.

**BACKGROUND**

Following the death of her granddaughter, KZJ, Broadus was appointed trustee for KZJ's next of kin and initiated this Section 1983 lawsuit, which eventually settled. Currently before the Court is Broadus's petition for the distribution of the settlement proceeds. The petition recommends that Broadus's counsel receive 40% of the settlement proceeds, in addition to reimbursement for costs incurred. The petition recommends the distribution of the remaining 60% of the settlement proceeds as follows: half of the remaining proceeds to CRTJ, KZJ's brother; one quarter of the proceeds to Dareesha Waddle, KZJ's mother; and one quarter of the proceeds to Broadus, KZJ's maternal grandmother. Extended family members of KZJ (Objectors) challenge the petition's proposed distribution.

## ANALYSIS

Under Minnesota's General Rules of Practice, a trustee must submit to the Court a verified petition seeking distribution of any money recovered in a wrongful death case. Minn. Gen. R. Prac. 144.05. The Court may then approve, modify, or disapprove the petition. [1] *Id.* Here, the trustee, Broadus, filed a petition seeking distribution of the settlement proceeds in this case. The Court held a hearing on the petition on November 13, 2018. The Court reviews Broadus's proposed distribution for fairness. *See* Minn. Stat. § 573.02, subd. 1 ("The recovery in the [wrongful death] action is the amount . . . [that is] fair and just . . . and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death.").

## I.    Next of Kin Distribution

The Objectors argue that KZJ's extended family members have been unfairly excluded from Broadus's petition and are entitled to a portion of the settlement proceeds. Broadus maintains that because only she, CRTJ, and Dareesha Waddle had a relationship with KZJ, they are the only people who have suffered a pecuniary loss attributable to KZJ's death. For this reason, Broadus asserts, limiting the distribution of the settlement proceeds to Broadus, CRTJ, and Dareesha Waddle is appropriate.

---

[1]    In a wrongful death action brought pursuant to diversity jurisdiction, Local Rule 17.1 requires this Court to follow the State of Minnesota's procedure for approving the settlement of a claim brought by a trustee. There is no analogous rule that governs how the Court must proceed when, as here, the Court has *original* jurisdiction. Consistent with similar cases brought in this District, the Court follows the procedure for approving settlements, as articulated in Minnesota's General Rule of Practice 144.05. *See, e.g.*, Order Approving Settlement, *Ryan v. Armstrong*, 14-cv-1776 (D. Minn. Feb. 6, 2018); Order for Distribution of Proceeds, *Kucera v. Jespersen*, 14-cv-4218 (D. Minn. Dec. 12, 2014).

As a threshold matter, an individual must be a surviving spouse or "next of kin" to the decedent in order to recover a portion of the wrongful death proceeds. *See* Minn. Stat. § 573.02, subd. 1; *Wynkoop v. Carpenter*, 574 N.W.2d 422, 425 (Minn. 1998). In the present matter, not all of the Objectors are next of kin. KZJ's great-grandmothers and great-aunt do not meet the definition of KZJ's next of kin under Minnesota law. *See Wynkoop*, 574 N.W.2d at 427 (interpreting "next of kin" in Minnesota's wrongful death statute to mean "blood relatives who are members of the class from which beneficiaries are chosen under the intestacy statute"); *see also* Minn. Stat. § 524.2-103 (providing that beneficiaries for intestacy purposes include parents, siblings, grandparents, aunts, uncles, and cousins of the decedent). No legal authority or fact before the Court supports a determination that KZJ's great-grandmothers and great-aunt qualify for recovery of any wrongful death proceeds.

Of the individuals that qualify as next of kin, the Court allocates wrongful death proceeds according to the proportionate pecuniary loss to each individual. *See* Minn. Stat. § 573.02, subd. 1; *Wynkoop*, 574 N.W.2d at 425. To quantify pecuniary loss following the death of a child, the Court considers the "loss of advice, comfort, assistance, and protection [that survivors] could reasonably have expected if the child had lived." *Ahrenholz v. Hennepin Cty.*, 295 N.W.2d 645, 648 (Minn. 1980). Survivors also must present "evidence of particular acts of service which contribute to the comfort, health, and well-being of the survivor." *Fussner v. Andert*, 113 N.W.2d 355, 362 (Minn. 1961).

The Objectors are not entitled to a portion of the settlement proceeds because there is no evidence that any family member other than Broadus, CRTJ, or Dareesha Waddle

had any relationship with KZJ prior to her death. *See id.* The Objectors' testimony offered at the November 13, 2018 hearing underscores the absence of a relationship between any of the Objectors and KZJ. The record also lacks any evidence that any Objector would have developed a relationship with KZJ had she lived longer.

Accordingly, the petition's recommendation to distribute the settlement award only to Broadus, CRTJ, and Dareesha Waddle is fair. Broadus's proposed allocation of the settlement proceeds—one half of the net proceeds to CRTJ and one quarter each to Broadus and Dareesha Waddle—also is fair in light of the record before the Court. For these reasons, the Court adopts the petition's proposed distribution to Broadus, CRTJ, and Dareesha Waddle.

## II.    Attorneys' Fees and Costs for the Objectors' Counsel

The Objectors next argue that their attorneys are entitled to receive more than $70,000 in attorneys' fees and costs under a quantum meruit theory.[2] Under Minnesota law, to recover attorneys' fees under a quantum meruit theory, the party seeking recovery must prove "that services were provided, that there was an implied promise to pay, and the value of those services." *In re Petition for Distribution of Attorney's Fees*, 870 N.W.2d 755, 764 (Minn. 2015) (citing *High v. Supreme Lodge of World, Loyal Order of Moose*, 298 N.W. 723, 725 (Minn. 1941)).

---

[2]    The Court grants the Objectors' request, albeit an untimely one, for an extension to file their memorandum addressing attorneys' fees. (Dkt. 184.) The following analysis considers both parties' briefing on this issue.

The Objectors' argument for an award of attorneys' fees relies primarily on the faulty assumption that counsel would achieve a favorable result for the Objectors. But the Objectors' counsel have not achieved a favorable result for their clients. This consideration, alone, severely undermines the Objectors' request for attorneys' fees and costs. Moreover, the record in this matter is sorely lacking as to the services provided by counsel and the existence of any promise by the Objectors to pay counsel. The Objectors' counsel have not provided a complete, detailed description of the tasks performed or time expended. The Objectors' counsel admit that their law firm has a practice of not documenting work performed. The Objectors' counsel have not provided evidence of any fee arrangement existing between counsel and the Objectors, either. Without a sufficient legal or factual basis to support the request, the Court denies the Objectors' request for attorneys' fees and costs.[3]

### III. Attorneys' Fees and Costs for Petitioner's Counsel

The petition allocates 40% of the settlement proceeds to Broadus's counsel, in addition to reimbursing counsel for $95,573.16 in expended costs. Broadus signed a retainer agreement that entitles counsel to 45% of the settlement proceeds. Counsel agreed to reduce their fee to 40% of the settlement proceeds to ensure that the next of kin receive a predetermined, threshold settlement amount. Nothing before the Court indicates that Broadus's counsel are not entitled to the proposed attorneys' fees and costs, nor do the

---

[3] The Objectors also advocate withholding liens in the amount of $104,067.45 from Dareesha Waddle's distribution. Because the Objectors have not provided a sufficient legal or factual basis for their entitlement to this request, the Court denies the request.

proposed attorneys' fees and costs appear to be unreasonable. Petitioner's proposed attorneys' fees award falls within the range of awards that judges in this District have approved in comparable cases. *See, e.g.*, Order Approving Settlement, *Ryan v. Armstrong*, 14-cv-1776 (D. Minn. Feb. 6, 2018) (approving 40% attorneys' fees award); Order for Distribution of Proceeds, *Kucera v. Jespersen*, 14-cv-4218 (D. Minn. Dec. 12, 2014) (approving 40% attorneys' fees award).

In light of the effort that Broadus's counsel expended, the results that they achieved, and similar settlements approved in this District, the Court determines that the petition's proposed allocation of attorneys' fees and costs is fair. Accordingly, the Court adopts the petition's proposed distribution of attorneys' fees and costs to Broadus's counsel.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.	The Objectors' request for an extension of time to file their memorandum on attorneys' fees, (Dkt. 184), is **GRANTED**.

2.	Plaintiff Mary Broadus's Petition for Distribution of Wrongful Death Proceeds, (Dkt. 141), is **APPROVED** as described herein. Broadus is instructed to distribute the settlement award as follows:

    a.	40% of the gross settlement proceeds are awarded to Plaintiff's counsel for attorneys' fees.

    b.	$95,573.16 is awarded to Plaintiff's counsel for reasonable costs.

      c.  Of the remaining settlement proceeds, 50% of the proceeds are awarded to CRTJ, 25% of the proceeds are awarded to Dareesha Waddle, and 25% of the proceeds are awarded to Mary Broadus.

3.      No other distributions shall be made to the Objectors or their counsel.

4.      The Court retains jurisdiction over this matter to resolve collateral issues. If Plaintiff seeks further action from this Court, including but not limited to structuring the settlement fund or establishing a special needs trust, Plaintiff must file the appropriate motions and proposals.

Dated: January 3, 2019

                                              s/Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Carol Bunker, as Trustee for the
next-of-kin of Stephanie Rose Bunker,

        Plaintiff,

v.

Barb Fitzgerald, acting in her individual capacity
as a Beltrami County correctional officer, *et al.*,

        Defendants.

Case No. 20-cv-1456 (SRN/LIB)

**ORDER APPROVING
SETTLEMENT DISTRIBUTION**

---

This matter is before the Court on Plaintiff's Petition for Approval of Settlement

Distribution [Docket No. 31]. Having carefully considered the Petition and based upon

all the files, records, and proceedings herein, **IT IS ORDERED**:

1. The Petition [Docket No. 31] and the distributions proposed therein are

**APPROVED**;

2. Distribution of the $2,250,000.00 settlement proceeds shall be made as follows:

    a.    $946,623.16 to Robins Kaplan LLP for attorneys' fees and costs;

    b.    $101,250.00 to Paige Donnelly Ltd.;

    c.    $35,114.89 to be held in Robins Kaplan LLP's Trust Account to satisfy

        Medicare's subrogation interest. Any amount remaining after full

        satisfaction of Medicare's subrogation interest shall be distributed evenly

        between Daniel Wade Keezer, Leroy Fairbanks, Jr., and Robert Edward

        Keezer;

d.  $233,402.39 to Stephanie Rose Bunker's son, Daniel Wade Keezer;

e.  $233,402.39 to Stephanie Rose Bunker's son, Leroy Fairbanks, Jr.;

f.  $233,402.39 to Stephanie Rose Bunker's son, Robert Edward Keezer;

g.  $233,402.39 to Stephanie Rose Bunker's mother, Carol Bunker; and

h.  $233,402.39 to Mutual of Omaha Structured Settlement Company by

Minnesota Counties Intergovernmental Trust (MCIT), on behalf of Beltrami

County, to fund a structured settlement annuity that will provide future periodic

payments for C.E.K. (Payee), as follows:

> $50,000.00 guaranteed lump sum payment on 4/14/2023;
> $75,000.00 guaranteed lump sum payment on 4/14/2026; and
> $125,055.39 guaranteed lump sum payment on 4/14/2030.

Any payments to be made after the death of C.E.K. shall be made to the Estate of

C.E.K. or to such person or entity as shall be designated in writing by C.E.K., upon

reaching the age of majority.

The obligation to make the periodic payments described herein will be assigned by

Minnesota Counties Intergovernmental Trust (MCIT) under the meaning of IRC Sec.

130, to Mutual of Omaha Structured Settlement Company (the "Assignee") and funded

by an annuity contract that will be issued by United of Omaha Life Insurance Company

(the "Annuity Issuer").

**BY THE COURT:**

Dated: October 13, 2021        s/Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States District Judge

2