UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis Bellamy, as Trustee for the next of kin of Lucas John Bellamy, Deceased,<br>   Plaintiff,<br>vs.<br><br>Roselene M. Omweri in her individual capacity, Kay P. Willis in her individual capacity, Michelle D. Diaz in her individual capacity, Lucas Weatherspoon in his individual capacity, Hennepin Healthcare System, Inc., and Hennepin County, Minnesota,<br>   Defendants. | Civil No. 24-CV-0170 (DWF/TNL)<br><br>**Proposed Order for Distribution of Wrongful Death Proceeds**<br><br>**[Filed Under Seal]** |

Plaintiff and Petitioner Louis Bellamy ("Petitioner") filed this action as trustee for the next of kin of his son, Lucas John Bellamy, who died while detained at the Hennepin County Jail. After reaching a global settlement in the amount of $3,400,000.00, Petitioner now petitions this Court for approval of distribution of the wrongful death proceeds. All next of kin have consented to the proposed distribution and waived notice and hearing. After carefully considering the Petition for Distribution of Wrongful Death Proceeds ("Petition") and based on the foregoing and on all the files, records, and proceedings, herein, IT IS HEREBY ORDERED THAT:

  1.  The Petition is APPROVED;

  2.  Storms Dworak LLC is awarded an attorneys' fee of $1,088,000.00;

  3.  Oleisky & Oleisky, P.A. is awarded an attorneys' fee of $272,000.00;

  4.  Louis Bellamy shall receive a distribution in the amount of $█████;

  5.  Colleen Bellamy shall receive a distribution in the amount of $█████;

6. Sarah Bellamy shall receive a distribution in the amount of ███████;

7. G████ B████ shall receive a distribution in the amount of $███████████

   a. ███████████████████████████████████
   
   ███████████████████████████████
   
   ███████████████████████████████████
   
   ██████████████████████
   
   ███████████████████████████████████
   
   ██████

8. Hennepin Healthcare and HHSI shall pay $█████████ to Pacific Life and Annuity Services, Inc. to fund Periodic Payments that will be made according to the following schedule ("the Periodic Payments"):

   PAYEE: Settlement Preservation Trust of G████ B████
   
   
   
   If G████ B████ dies on or before ████ 2038, benefits will be paid to the Settlement Preservation Trust of G████ B████ as follows:
   
   Benefits will be paid to G████ B████'s beneficiary in a single lump sum. The single lump sum will be equal to 95% of the cost of an annuity contract, based on the annuity issuer's structured settlement rates in effect on the date of death, which would provide benefits equal to 100% of the remaining guaranteed payments.
   
   If such annuity rates are not available, the commuted value shall be the present value of the remaining guaranteed payments calculated using the

following interest rate: the annual effective yield based on the current bid price as reported in the Wall Street Journal for the highest yielding U.S. Treasury Note or Bond with a maturity date not exceeding the Rider Expiry Date available at the close of business on the date of G█████ B█████'s death plus one percent. If this date is not a business day, the rates reported on the next following business day will be used.

The obligation to make these periodic payments will be assigned under the meaning of IRC Sec. 130, to Pacific Life and Annuity Services, Inc. (the "Assignee") and funded by an annuity contract that will be issued by Pacific Life Insurance Company (the "Annuity Issuer"). The Annuity Issuer is licensed to do business in the State of Minnesota; has a financial rating equivalent to A.M. BEST CO. A+, CLASS VIII or better; is in compliance with Minn. Stat. §§ 549.30 to 549.34; and is not related to either the settling party, Hennepin County or HHSI. The annuity policy shall be issued in the name of G.B.

9.  Hennepin Healthcare and HHSI shall pay $█████████ to Prudential Assigned Settlement Services Corporation to fund Periodic Payments that will be made according to the following schedule ("the Periodic Payments"):

PAYEE: Settlement Preservation Trust of G█████ B█████



If G█████ B█████ dies on or before the date that all of the Guaranteed Payments become due, 100% of any remaining and unpaid Guaranteed Payments shown on this payment schedule will be commuted and paid in a lump sum. The commuted value of such payments will be equal to 90% of the cost of a new annuity contract that would provide the commuted payments. Prudential will compute this cost using annuity rates in effect on or about the date of the commuted payment for new annuity contracts that are issued for the same or similar type of business as this Certificate. The commuted value will be paid to the last validly designated Beneficiary(ies).

The obligation to make these periodic payments herein will be assigned under the meaning of IRC Sec. 130, to Prudential Assigned Settlement Services Corporation (the "Assignee") and funded by an annuity contract that will be issued by The Prudential Insurance Company of America (the "Annuity Issuer"). The Annuity Issuer is licensed to do business in the

    State of Minnesota; has a a financial rating equivalent to A.M. BEST CO. A+, CLASS VIII or better; is in compliance with Minn. Stat. §§ 549.30 to 549.34; and is not related to either the settling party, Hennepin County or HHSI. The annuity policy shall be issued in the name of G.B.

  10. Petitioner contends and Hennepin County and HHSI do not object that the sums set forth herein constitute damages, other than punitive damages, on account of personal physical injuries and physical sickness, within the meaning of Sections 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended. Hennepin County, through the undersigned Chair of the County Board, delegate to the Hennepin County Administrator authority to execute any paperwork necessary for funding the Periodic Payments outlined in paragraphs 8 and 9.

  11. Petitioner's Counsel is responsible for depositing a certified copy of each annuity policy with the court administrator as soon as practicable, and for delivering copies of the annuity policies to Hennepin County and HHSI.

  12. The Periodic Payments cannot be accelerated, deferred, increased, or decreased by Trustee or any Payee; nor shall Trustee or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

  13. Any payments to be made after the death of G. B. shall be made to the Settlement Preservation Trust of G█████ B█████. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the respective Assignee. The designation must be in a form acceptable to the respective Assignee before such payments are made.

14. The Trust will be entitled to each periodic payment only when the payment becomes due.

15. Neither G.B. nor the Settlement Preservation Trust of G.B. shall have a right to the funding source of the annuities.

16. Neither G.B. nor the Settlement Preservation Trust of G.B. shall have the power to designate the owner of the annuities nor have any right to control or designated the method of investment of the funding medium for the annuities.

17. For the protection of G.B. and his privacy, this Order shall be filed under seal.

18. No other distribution shall be made.

BY THE COURT:

Dated:_____

_____
Hon. Donovan W. Frank
Senior United States District Judge